**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gerardo VALDIVIA, Defendant–**
**Appellant.**

**No. 11–10277.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2012.*

Filed May 18, 2012.

Robert A. Bork, Assistant U.S., An Mai Nguyen, Special Assistant U.S., Robert Lawrence Ellman, Esquire, Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esquire, Assistant Federal Public Defender, Brenda Weksler, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Gerardo Valdivia appeals from the 57–month sentence imposed following his guilty-plea conviction for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valdivia first contends that the district court procedurally erred by failing adequately to explain the sentence imposed. The record belies this contention.

Valdivia next contends that the district court erred by misunderstanding its authority to depart downward based on cultural assimilation. The district court appears to have based its denial of a downward departure, at least in part, on a mistaken belief that a previously deported alien cannot rely on cultural assimilation as a ground for a departure. *See* U.S.S.G. § 2L1.2 cmt. n. 8. However, any error is harmless because it did not affect the district court's selection of the sentence imposed. *See United States v. Ali,* 620 F.3d 1062, 1074 (9th Cir.2010).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).